Mr. Henson's Sixth Amendment claim of jury bias was particularly meritorious, as he did not reach the merits of those claimed through the two avenues presented. Can you speak a little bit more into the microphone, please? Certainly. Exception, he did not reach the merits of those claims because he did not receive the defaulter. I believe that my stronger claim relates to juror bias through the lens of ineffective assistance of counsel, and so I will direct my arguments to state attorneys. That claim was not defaulted because it was fairly presented to Oregon's appellate courts through the briefing in the Oregon Court of Appeals. And on this issue, the Farmer case, which the Oregon Supreme Court decided in 2009 on remand from this court, or on certification earlier, the question from this court, conforms. It's a case where the substance of the claim and the proper legal theory were presented to the appellate courts, and the issue under Farmer was fairly presented. It's true that the... You're talking about appeal in the post-conviction case? Yes, the post-conviction appeal. That's where Mr. Henson's counsel did shift the theory from an effective assistance of counsel, which was litigated in the presiding court in post-conviction, to a theory of a stand-alone juror bias claim. However, the state's response very clearly addressed the merits as well. It argued that the shift meant the issue wasn't before the court, but it went on to the merits. And the substance of the issue was all developed in the post-conviction court. Of course, it was in the appeal as well. The grabberman of it is letters from one of the jurors, Wise, who was the first witness seen of the accident. And those letters, developed in post-conviction, demonstrated that she formed the opinion that Mr. Henson was the driver, which is a critical issue. Didn't Mr. Henson's counsel not just shift theories, but actually explicitly say, we're not making this an effective assistance of counsel argument anymore? She did. And that's not upheld to the fact that under Farmer, it was fairly presented. Under what? Under the Farmer opinion. So let me speak more to Farmer and how that's the case, because it is an unusual opinion. It's the court certifying the Oregon Supreme Court about the appellate rules and how that works. And in Farmer, the Oregon Supreme Court, in the facts of this, is at 877 and 78 of the Farmer opinion. The court wrote, we also note an assumption that criminalized arguments of both petitioner and the state. We believe to be erroneous. Both parties are here to assume that this court may not consider a legal question for review. If that question is not presented, can the petition comply explicitly with the requirements of Oregon Supreme Court? I just want to make sure I know where you are, sir. Are you saying Farmer? Farmer is F-A-R-M-E-R. Is that a case that was in your brief? It is, yes. Do you know if it's in your brief? I'm just looking for it. I believe it's in the opening brief as well. It's at 346, Oregon 67. Okay, got it. And the Oregon Supreme Court was going to say, but as our rules demonstrate, a litigant may fail to comply with the rules and still present a claim to this court because this court retains authority to review imperfectly presented claims. That ends up really being critical here because it is presented in the briefing. And the Oregon Supreme Court says, we have the discretion to reach these claims. It specifically says that our appellate rules don't typically have a response in a petition for review. The petition for review in the Oregon Supreme Court is a fairly kind of streamlined thing, and the court, if it's going to look at the arguments, looks at the briefs, and specifically notes that there's often no response filed in a petition for review, so you must look to a safe brief in a circumstance like this in the court of appeals. I don't think that case dealt with this kind of situation, though, where the petitioner explicitly abandoned an argument. I mean, the court didn't say we construe ourselves to reach arguments that the petitioner said they abandoned. Do you have any case in that kind of posture where you can say that an abandoned argument is still reached on the merits when the court doesn't discuss it? Well, the former case specifically dealt with a mal-force situation, but prior to the court tapping into the mal-force situation, it was very specific about talking generically about the force rules and its discretion. And now that I haven't found a case directly on point like this that goes either way, it's a very unusual thing for counsels to do when they get here. Nevertheless, I think that it is clear from the opinion of the former, which is the Oregon Supreme Court, when writing to advise this court of the state's rules, that it had a discretion and that in a circumstance such as this, it is a fairly present question and, therefore, there isn't a valid issue. And so you're saying we should read their silence on the issue as having reached the merits of it? Because the court didn't express the merits of the ineffective assistance to counsel argument, right? Correct. I mean, the Oregon Supreme Court didn't reach anything. And the Court of Appeals, I think, affirmed with that opinion also. So there isn't a valid decision. So I mean, ultimately, you would look through to the post-conviction trial court's opinion. Now, the district court didn't reach the merits. And so, as I note in my reply brief, we agree that it remained to the district court to both allow amendment of the federal petition and a review of the merits. Yes, the appropriate relief. I'm sorry. I may have misunderstood. Did you say that the state court did not reach the merits? The state court courts did not reach the merits. Right. But at the trial, the condition being it did reach the merits, right? Yes, the post-conviction trial court did reach the merits. In her oral statements at the trial, she didn't address the merits of this. But she did, in her written judgment, state that it was a tactical decision. That Harrington issue is something that the district court needs to address. The district court judge was very disturbed by the facts of this case and what occurred. So, yes, I agree that there's an issue with deference and things like that. And I believe that the appropriate place to take that is in the district court upon remand. Can I ask you a question on that? Assume, if you will, that the court did reach the merits, right? Why would it not have been justified in doing so? Compare this case to Fields v. Brown case. It seems to me that this case has a lot less heel, a lot less merit in the Fields v. Brown case. To make sure that I'm trying to respond to that, I understand your question being why there shouldn't be deference to the post-conviction trial court's ruling? Yes. Okay. In my view, in Fields v. Brown, I mean, how does this case, this particular case, affect this case any more egregious, if you will, than the Fields v. Brown case? I think the facts of this case are particularly egregious because we know that a juror who was seated without any challenge, whether a periphery or a forecast challenge by a defense counsel, his wife was the very initial witness on the scene of the strike. And she observed the dead body, and she spoke with Mr. Henson. She was also, she worked Mr. Henson, and a little girl who was in the other car who was injured while they were in the hospital. How would that affect the juror's impartiality? That might affect the wife's impartiality if she was sitting as a juror, but how would that affect the juror's impartiality? Well, we know that the juror spoke to how great the impact on his wife was because the defense counsel didn't go further. We don't know much else, although we learned after the fact that she had formed the opinion that Mr. Henson was the driver of the automobile, which was the critical actual issue contested at the trial. So I think that those are very significant facts, and because of the particularly egregious error, the merits were never addressed by the district court, and as the state argues, and I agreed in my reply brief, the merits and the defense issues should be located in the district court argument. The thing about this whole scenario is that everything was out in the open. Everything was out in the open. In the trial court, this juror was forthcoming in everything he had to say about his wife's association with the case, and I don't recall whether the record is such that the defendant had a preemptive challenge that he didn't use, but I assume he did. He said the preemptive challenges that were unused. I would agree with you that the juror himself was not forthcoming, but I don't believe that everything was out in the open because defense counsel indicated in a kind of preemptive question there was a conference at SACWA between defense counsel, the prosecutor, and the judge in which they agreed that we wanted to investigate this witness who had not been known until the juror presented this information. But the juror himself was not forthcoming. He got a commitment from the juror that he wouldn't say anything to any of the other jurors about all of this, and everything looks like that this lawyer just decided this strategy of letting him in there. Well, in the data you issued that you were discussing about the deference to the State Board, they adopted that strategy. The letter articulated was that he wanted to be in the driving experience on the juror. There were many parameters left. This is, I mean, it's hard to, as a trial lawyer, the flag of a witness whose spouse was deeply upset by this, seeing how you dated all of them, the guard could be significant. There wasn't a problem, a meaningful problem. It appears that the lawyer simply wanted to, through the case, collect the 13 feet and be done. But wouldn't that be a tactical decision on the part of the trial lawyer? I don't believe that that decision on the record that is before the district court or from the Post-Conviction Court is at all a tactical decision. I think it was simply an effort to humanize himself. When you look through his affidavit, it's pretty clear that he didn't really recognize some of the factual pieces, and that's not articulated in the briefing, because I'll give you some procedural issues with the notion that this shouldn't result in the district court. At the time of the trial, no one knew that the wife had made up her mind about who, or had come to a conclusion about who was the driver, right? That is correct. And that's really ultimately why I'm not focusing on the stand-alone claim and the fault issues there, because it's only through counsel, and it's counsel's failure to question, I think, that they didn't develop the record adequately at the trial court to allow this to be a direct appeal issue. I also call to reverse and remand for conservation of merits. We took you over, so we'll stick with you a minute for rebuttal. Okay. May I please have the court, Susan York, on behalf of the state. We ask that the court affirm. I'd like to turn first to the question of procedural defaults, and I'll start with the ineffective assistance claim. Before a state prisoner can be eligible for federal habeas relief, he must properly exhaust state remedies by fairly presenting his claim to the state courts. And to do that, the petitioner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate process. To fairly present a claim to a state appellate court, best court has held that petitioner must present it within the four corners of his appellate briefing. Petitioner failed to do that here with respect to his ineffective assistance claim. He presented that claim before the state post-conviction court. Then, on appeal from the judgment of the merits of that claim, he explicitly and specifically abandoned the claim. And petitioner has pointed to no case establishing that the state would acknowledge the explicit abandonment in its answering brief, but makes a very limited fallback argument that the claim would nonetheless fail on the merits. Petitioner has pointed to no case establishing that that suffices to raise the issue, either as a matter of state law or for the purposes of satisfying a fair representation requirement under federal law. So for that reason, petitioner failed to properly exhaust his ineffective assistance claim before the state courts, and it is procedurally defaulted. Because the claim is procedurally defaulted, any amendment to add that claim to petitioner's federal habeas petition would be futile. So the district court did not abuse its discretion in denying leave to amend it. So your opposing counsel is relying on this Farmer case. Can you address that? I thought he was just sort of concerned whether the state supreme court could look to the appellate briefing to get the party's legal arguments. And the problem here is that if the state supreme court looks to the appellate briefing, it will see that petitioner's appellate counsel explicitly and specifically waived this claim. So Farmer does not assist petitioner. If the court is, I'll turn to the merits just briefly. It's clear here that petitioner failed with respect to his ineffective assistance claim. He failed to establish either deficient performance or prejudice. With respect to deficient performance, the state trial court on post-conviction review concluded that trial counsel made a reasonable strategic decision not to challenge the juror. That was not an unreasonable application of clearly established supreme court law. So it provides no basis for relief. Shouldn't the attorney at least question this juror more? It seems that maybe on the information that they had, it could possibly be a strategic decision. But I think your opposing counsel makes a valid point that part of the problem is that no one really asks enough questions. How do you respond to that? So trial counsel did ask questions. He, again, confirmed that the juror could be impartial. He also confirmed that the juror would not mention to other jurors anything that he knew extraneous. So he did ask, has your wife reached a conclusion about who was the juror? And did she tell you what that conclusion was? I mean, those seem like very important questions. So this court has observed that voir dire is really an area in which trial counsel has broad latitude. This court has observed that the extended content of voir dire will, in most instances, involve an exercise of judgment that should be left to trial counsel. And the Supreme Court has observed that no hard and fast formula dictates the necessity in terms of voir dire. So here, counsel made the choice to do some questions. The juror was really consistent and unequivocal in his expression that he could be impartial. And trial counsel was entitled to rely on that and decide not to question him further. It's also possible that counsel determined that he wanted this juror on the jury and didn't want to ask more questions to risk that the prosecutor would trick him. So all of those things are well within the wide range of reasonable representation. Let me follow up in terms of Regan's question. So if the lawyer, the attorney, would have followed up and asked the juror a question about his wife, and the juror would have responded, well, my wife has identified him as the driver, and she thinks he definitely was guilty of driving while under the influence. What impact would that have had on the rest of the jurors? If trial counsel was going to question him further, certainly he would have needed to exclude the other jurors, I think. But, again, to the extent that he couldn't do that, that would be a good reason for not questioning him further as well, if I understand your question. Certainly he wouldn't want to question about that in the presence of other jurors. So that would be a good reason for no further questions, to the extent that that was a concern. I would also point the Court, just quickly, to Wilson v. Henry, 185 F3D 986. And there this Court concluded that there was no ineffectual assistance where trial counsel relied on a juror's assertion that he could be fair and impartial. So I think to the extent that the petitioner claims that his trial counsel rendered deficient performance in failing to inquire further on Vardir, that claim fails because counsel's performance fell within the wide range of reasonable assistance. His ineffectual assistance claim also fails because he failed to establish prejudice. And that is so because he has never established that the juror actually seated here, Mr. DeLay, was biased, and that's a necessary showing in order to establish prejudice. I don't know whether it's decisive of anything, but do we happen to know what the jury called, and do we know whether the verdict was less than unanimous? If I remember correctly, the verdict was unanimous on all of the many charges except for manslaughter. It was 11 to 1. 11 to 1. I believe that's correct. Okay. Thank you. And if the Court has no further questions, I would ask that the Court confirm. Thank you. We'll give you one minute for rebuttal. If I only have two points, I'm just going to start with where you just were, because I can imagine 11 to 1, if you're okay, 10 to 2 would still support a verdict in Oregon. I don't think you can do it that simply. No, I doubt it also, and I don't want to consume your time with it. If a person is entitled to a jury, they're entitled to a jury who was elected to the case and is fair no matter how the vote turns out. So don't spend your time on it. Okay. Thank you. The other point I wanted to make was just to kind of follow up on Farmer and the state's noting that they make a fallback argument on the merits. McCain and Farmer at the Oregon Supreme Court stated in a message of 78 to 8, if you know, I read the span there, that as our rules demonstrate, a litigant may fail to comply with the rules and still, quote, present, close quote, claim to this Court because the Court retains authority to review and argue and present a claim. And Farmer makes it clear that that Court, the Oregon Supreme Court, would have the briefing, they have the power to do that. I would invite you as jurists to look at that briefing and you see that this issue is the issue with real needs, with a real sense of injustice. And if you have the discretion to reach that issue, the facts are unexplicated and for some inexplicable reason, counsel shifted the theory. I think that's a place where you exercise that discretion and it doesn't require a really broad sort of floodgates reading on Farmer to say this is a case and this is the Oregon Supreme Court telling us on certification from this Court how its rules apply. So, thank you for your attention. Thank you both sides for your arguments. The case is submitted.
judges: Leavy, Friedland, Benitez